# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

-------------------------------------------------------------------------

MM SYKESVILLE, LLC
      7309 SECOND AVENUE,
      SYKESVILLE, MD 21784

                                                  Plaintiff,

                  -against-

TRANSITIONS HEALTHCARE MANAGEMENT, LLC
    531OLD WESTMINSTER PIKE, STE. 101
    WESTMINSTER, MD 21157
TRANSITIONS HEALTHCARE CAPITOL CITY, LLC
    2425 25TH STREET SE
    WASHINGTON, DC 20020
TRANSITIONS HEALTHCARE ELKTON, LLC
    1 PIERCE DRIVE
    ELKTON, MD  21921
TRANSITIONS HEALTHCARE, LLC
    531 OLD WESTMINSTER PIKE, SUITE 101
    WESTMINSTER, MD 21157
MARC FELDMAN
    54 BEECHAM COURT
    OWINGS MILLS, MD 21117
MATTHEW MAURANO
    14511 FARADAY DRIVE
    ROCKVILLE, MD 20853 and
KEVIN WILLIAMS
    5721 OLD COURT ROAD
    WINDSOR MILLS, MD 21244

                    Defendants. -----------------------------------------------------------------------------

Case No.  16-1793

Jury Demand

## COMPLAINT FOR SERVICE MARK INFRINGEMENT
## AND UNFAIR COMPETITION

Plaintiff, MM Sykesville, LLC (hereinafter "Sykesville"), complaining of Defendants:

Transitions Healthcare Management, LLC (hereinafter "Cap Management");   Transitions

Healthcare Capitol City, LLC (hereinafter "Cap City"); Transitions Healthcare Elkton, LLC

("Elkton"); Transitions Healthcare, LLC (hereinafter "THL"); Marc Feldman (hereinafter

"Feldman"); Matthew Maurano (hereinafter "Murano"); and Kevin Williams (hereinafter "Williams")  by its attorneys, Furgang & Adwar, L.L.P., respectfully alleges:

## THE PARTIES

1.      Plaintiff Sykesville  is a limited liability company organized and existing under the laws of the State of Maryland having an office and place of business at 7309 Second Avenue, Sykesville, MD 21784.

2.      Defendant Cap Management is, upon information and belief, a limited liability company organized and existing under the laws of the State of Maryland having a place of business at 531 Old Westminster Pike, Suite 101, Westminster, MD 21157.

3.      Defendant Cap City is, upon information and belief, a limited liability company organized and existing under the laws of the District of Columbia, having a place of business at 2425 25th Street, S.E., Washington, DC 20020.

4.      Defendant THL is a limited liability company organized and existing under the laws of the State of Maryland, having a place of business at 531 Old Westminster Pike, Suite 101, Westminster, MD 21157.

5.      Defendant Elkton is, upon information and belief, a limited liability company organized and existing under the laws of the State of Maryland, having a place of business at 1 Price Drive, Elkton, MD 21921.

6.      Defendant Feldman is an individual having a place of residence at 54 Beecham Court, Ownings Mills, MD 21117.

7.      Defendant Maurano is an individual with a place of residence at 14511 Faraday Drive, Rockville, MD 20853.

8.      Defendant Williams is an individual with a place of residence at 5721 Old Court Road, Windsor Mill, MD 21244.

9.        Defendants Feldman, Maurano, and Williams are hereinafter referred to as "Individual Defendants."

## JURISDICTION AND VENUE

10.        This Court has jurisdiction over the subject matter of the claims brought under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*, by virtue of 15 U.S.C. §§ 1114, 1116-1118, 1121 and 1125(a);  28 U.S.C. § 1331 and 28 U.S.C. § 1338, as well as the court's pendent jurisdiction.

11.  Venue is conferred upon this Court by 28 U.S.C. §1391.

## ALLEGATIONS REGARDING DERIVATIVE ACTION

12.        This is a derivative action brought on behalf of Plaintiff Sykesville by Terri Sherman, an individual having a place of business at 400 Rella Boulevard, Suffern, NY 10901 and member of Plaintiff Sykesville (hereinafter "Member Sherman").

13.        The causes of action include those of trademark infringement and fraud. Plaintiff Sykesville seeks damages and injunctive relief.

14.        The Individual Defendant managers of Plaintiff Sykesville, together and in combination with Defendant THL have wrongfully and fraudulently transferred a valuable asset of Plaintiff Sykesville, namely the service mark TRANSITIONS HEALTHCARE℠, to entities owned and operated by them, neither of which is owned by Member Sherman or Plaintiff Sykesville.

15.        All of the Individual Defendants who committed the wrongful acts alleged herein, are neither disinterested nor independent members, and are the management of Defendants Cap Management, Cap City, Elkton, and THL.

16.      Based upon the facts set forth herein, the applicable law and the longstanding rule that equity does not compel a useless and futile act, a pre-filing demand upon the individual Defendants to institute this action must be excused.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

**Background**

17.      Plaintiff Sykesville is a nursing home and rehabilitation facility located in Sykesville, Maryland.  (**Exhibit A**) established in 2007.

18.      Commencing on or about September 1, 2007, Plaintiff began using its trademark TRANSITIONS HEALTHCARE℠ as a service mark to identify its nursing, rehabilitation, and related services.

19.      From its inception, Sykesville has and does offer its services in Washington, D.C., Maryland, Pennsylvania, New York, New Jersey, Delaware, Virginia, and West Virginia and renders those services at its facility in Maryland to patients who come from those states.

20.      Plaintiff has exclusively used its service mark TRANSITIONS HEALTHCARE℠ openly and continuously in commerce since September 2007.

21.      The operating agreement of Sykesville provides Member Sherman with a thirty-one (31%) percent ownership share. Defendant Feldman also holds a thirty-one (31%) percent ownership share, Defendant Maurano holds a twenty-eight (28%) ownership share, and Defendant Williams holds a ten (10%) percent ownership share.  For any vote to succeed it must be agreed upon by a seventy-five (75%) percent ownership majority.  Therefore, if Member Sherman is opposed to any action by the remaining members of Plaintiff may wish to take, withholding her 31% ownership vote results in that action being unapproved and, therefore, impermissible.  Therefore, any transfer of ownership of assets of the company, including trademarks, would have to be voted on and approved by Member Sherman. This never occurred.

-4-

22.     Member Sherman, and the other members of Sykesville, Individual Defendants Feldman, Murano, and Williams are also the only members of Defendant THL.  Member Sherman does not have such a controlling vote in Defendant THL because all members have equal ownership interests.

23.     Defendant THL was formed in 2007.  It remained a dormant entity until 2011 when Member Sherman and the Individual Defendant members of Plaintiff started using Defendant THL to provide management services to several newly acquired nursing and rehabilitation facilities (hereinafter referred to jointly as the "Nursing/Rehab Facilities").

24.     Each of the Nursing/Rehab Facilities is a separate and distinct limited liability company  and each is owned by the Individual Defendants and Member Sherman.

25.     Defendant THL neither advertises nor offers its services to anyone.  Its services are solely provided to the Nursing/Rehab Facilities owned and operated by the respective companies owned by Member Sherman and Individual Defendants.

26.     Plaintiff Sykesville and each of the Nursing/Rehab Facilities have the exact same limited liability company members, namely Member Sherman and the Individual Defendants but only Sykesville provides Member Sherman with a controlling vote.  These members control and operate Plaintiff Sykesville.

27.     Each of the Nursing/Rehab Facilities use TRANSITIONS HEALTHCARE℠ to identify its services in commerce.

28.     The members of THL (and, hence, the members of Plaintiff Sykesville) are presently engaged in an internal dispute regarding  membership in and employment by THL. This suit is the result of Defendants' wrongful acts in their scheme and conduct to deprive Member Sherman of her rightful interest in the Nursing/Rehab Facilities.

**INDIVIDUAL DEFENDANTS WRONGFUL CONDUCT**

29.     After the dispute between the managers began, in or about September 2014, Individual Defendants Feldman, Murano, and Williams formed Defendant Cap City and had Cap City open a nursing and rehabilitation facility using Plaintiff's service mark TRANSITIONS HEALTHCARE as part of its business name.

30.     Upon information and belief, in June 2015, Individual Defendants Feldman, Murano, and Williams formed Defendant Elkton and had Elkton open a nursing and rehabilitation facility using Plaintiff's service mark TRANSITIONS HEALTHCARE as part of its business name.

31.     Member Sherman is not a member of Defendant Cap City or Defendant Elkton. Neither she nor Plaintiff Sykesville having anything to do with the services rendered by Defendant Cap City or Defendant Elkton. Plaintiff at no time gave Individual Defendants, Defendant Cap City or Defendant Elkton the authority to use its service mark as part of its business name. Upon information and belief, on or about September 2014, Individual Defendants together formed Defendant Cap Management to manage the back office facilities of Defendant Cap City.

32.     Upon information and belief, upon formation of Defendant Elkton, Defendant Cap Management began to manage the back office facilities of Defendant Elkton.

33.     Without authorization or right, the Individual Defendants caused Defendant Cap Management to be formed without Plaintiff's authorization, using Plaintiff's trademark TRANSITIONS HEALTHCARE as part of its business name.

34.     Upon opening Defendant Cap City, Individual Defendants and Defendant Cap Management caused Defendant Cap City to use Plaintiff's service mark TRANSITIONS HEALTHCARE℠ in connection with Defendant Cap City's services. (**Exhibit B**) The mark

used by the Individual Defendants, and Defendants Cap City and  Cap Management is identical to Plaintiff's mark as is the business names of Defendants Cap City and Cap Management. (Compare Exhibits A and B).

35.    Upon opening Defendant Elkton, Individual Defendants and Defendant Cap Management caused Defendant Elkton to use Plaintiff's service mark TRANSITIONS HEALTHCARE℠ in connection with Defendant Elkton's services.  (**Exhibit C**) The mark used by the Individual Defendants, Defendant Cap City, Defendant Elkton, and Defendant Cap Management is identical to Plaintiff's mark as is the business names of Defendants Cap City, Elkton and Cap Management. (Compare Exhibits **A**, **B** and **C**).

36.    Upon information and belief, at no time did Plaintiff Sykesville license use of TRANSITIONS HEALTHCARE℠ to Individual Defendants, Cap Management, Cap City, or Elkton.

37.    The Individual Defendants and Defendants Cap City, Elkton, and Cap Management, without the authorization of Plaintiff Sykesville, wrongfully and willfully infringed upon the trademark of Sykesville by causing Defendants Cap City, Elkton and Cap Management to use Sykesville's service mark to identify its services.

38.    In furtherance of their scheme to defraud Plaintiff, on April 22, 2015, Defendant Feldman, with, upon information and belief, the knowledge, consent, and approval of Defendants Murano and Williams caused Defendant Cap Management, the company wholly owned by the three of them, to file as the applicant/owner a federal service mark registration in the United States Patent and Trademark Office for registration of the mark TRANSITIONS HEALTHCARE℠ (hereinafter the "Cap Management Application").

39.  The Cap Management Application was additionally fraudulent because it set forth a date of first use in commerce of September 1, 2007  (**Exhibit C**) which is seven years before Cap Management existed.

40.     The Individual Defendants knew at the time of the filing of the Cap Management Application that Defendant Cap Management was not the owner of the mark and that Defendant Cap Management did not exist until 2014.

41.     The Individual Defendants have acted and are acting in reckless disregard of the rights of Plaintiff and Member Sherman.

42.     The Individual Defendants and Defendant Cap Management did not inform Plaintiff Sykesville or Member Sherman of the filing of the Cap Management Application and the allegations of ownership set forth therein.

43.     Upon discovering this wrongful act, Member Sherman objected to Defendant Cap City's infringement and the filing of the Cap Management Application and sent a notice to the Individual Defendants on behalf of Plaintiff pursuant to the Sykesville operating agreement that the Individual Defendants had wasted company assets.

44.     On June 3, 2015, the Individual Defendants caused Defendant Cap Management to expressly abandon the Cap Management Application. (**Exhibit D**)

45.     On the same date, June 3, 2015, the individual Defendants fraudulently filed a second trademark application for the federal service mark registration of TRANSITIONS HEALTHCARE℠, the identical mark. The Individual Defendants caused Defendant THL to fraudulently claim itself, THL, as the owner of the mark which the Individual Defendants and Defendant THL know and knew then to belong to Plaintiff Sykesville.  This application (the "THL Application") again sets forth the date of first use in commerce as September 1, 2007, although Defendant THL did not operate until 2011.  (**Exhibit E**).

-8-

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING**
**(15 U.S.C. § 1114(a))**

46.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 45 as if fully set forth herein.

47.     As set forth above, Plaintiff Sykesville began and is using the service mark TRANSITIONS HEALTHCARE℠ in commerce since at least as early as September 1, 2007.

48.     More specifically, beginning on or about September 1, 2007 and continuously thereafter there using TRANSITIONS HEALTHCARE℠ is used to identify Plaintiff's nursing home, rehabilitation, and related services.

49.  The trade and public have come to know the Plaintiff's service mark TRANSITIONS HEALTHCARE℠ to represent nursing, rehabilitation, and related services and the facility therefor as of high quality, and to rely upon the good will and business that Plaintiff, Sykesville, has established over the past seven (7) years.

50.     Beginning long after Plaintiff Sykesville began use of its service mark TRANSITIONS HEALTHCARE℠ as aforesaid, Individual Defendants formed  Defendant Cap City taking Plaintiff's Sykesville's trademark as part of its company name. Transitions Healthcare Management, LLC, Defendant Cap City and Defendant Elkton began offering to the public nursing, rehabilitation services, and related services (i.e. the exact same services offered and provided by Plaintiff) and misappropriated by exactly copying Plaintiff Sykesville's service mark, TRANSITIONS HEALTHCARE℠.  (A sample of the Defendants' infringing use is attached hereto as **Exhibits B** and **C**)

51.     Defendant THL fraudulently asserts ownership in the mark TRANSITIONS HEALTHCARE℠ and, upon information and belief, is licensing Defendants Cap City and Elkton in the use of the mark.

52.     The Individual Defendants, Defendant Cap Management, Defendant Cap City and Defendant Elkton's exact copying of Plaintiff's service mark, TRANSITIONS HEALTHCARE℠ is likely to cause confusion and mistake and to deceive customers, both among the general public and the wholesale and retail trade, as to the source or origin of said services.

53.     The Defendants' asserted ownership and use of TRANSITIONS HEALTHCARE℠ is calculated to deceive and is likely to deceive the trade and public into believing that the Cap City's services, provided and sold under said mark, are identical to the services bearing the service mark TRANSITIONS HEALTHCARE℠ and are, in fact, services offered and rendered by Plaintiff, or that Plaintiff, in some manner, sponsors or licenses Defendants' services, or that there exists some other relationship between Plaintiff and Defendants where none in fact exists.

54.     Said actions and/or appearances by Defendants constitute infringement upon Plaintiff's common law service mark rights and is unfair competition with Plaintiff.

55.     Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of the Defendants' aforesaid wrongful acts, and is suffering monetary damages in an amount not thus far determined.  The aforesaid acts by the Defendants are likely to cause damage to Plaintiff not presently known but believed to be in excess of $10,000.000.00.

**COUNT II**
**FRAUD**

56.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 55 as if fully set forth herein.

57.     This Count is for fraud.  Jurisdiction is conferred on this Court by Fed. R. Civ. P. §9(b) and is substantially related to the claim arising out of service mark laws of the United States as set forth in Count I.

58.     On June 3, 2015, the Individual Defendants, upon information and belief,  caused Defendant THL to file the THL Application as aforesaid (**Exhibit E**).

59.     Defendant THL, by its attorney, submitted a sworn statement in which it represented that Defendant THL has been using the TRANSITIONS HEALTHCARE℠ service mark since 2007 and that it is the owner of the TRANSITIONS HEALTHCARE℠ service mark. In fact, Defendant THL did not begin operations until 2011 and, therefore, did not use the TRANSITIONS HEALTHCARE℠ mark until 2011.

60.     Said representations were false when made and were known to Individual Defendants and Defendant THL to be false when made because Individual Defendants Feldman, Murano, and Williams are members of Plaintiff and were and are well aware that Plaintiff and not Defendant THL is the owner of all right, title, and interest in and to the service mark. Further, the Individual Defendants and Defendant THL are well aware that by virtue of its dormant state until 2011 it could not possible have used the mark until at least as early as 2011, and not as of September 1, 2007, as falsely sworn to in the THL Application.

61.     Said representations were made with the intention of depriving Plaintiff Sykesville, and therefore, Member Sherman, of its ownership rights in and use of the TRANSITIONS HEALTHCARE℠ service mark.

62.     Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of the Individual Defendants and Defendant THL's aforesaid wrongful acts, and is suffering monetary  damages in an amount not thus far determined.  By reason of the

foregoing facts, Plaintiff is believed to have been damaged in excess of the sum of $10,000,000.00.

## COUNT III
## FRAUD

63.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 62 as fully set forth herein.

64.     This Count is for fraud. Jurisdiction is conferred on this Court by Fed. R. Civ. P. §9(b) and is substantially related to the claim arising out of service mark laws of the United States as set forth in Count I.

65.     On June 3, 2015, the Individual Defendants, upon information and belief,  caused Defendant THL to file the THL Application as aforesaid (**Exhibit E**).

66.     Defendant THL, by its attorney, represented Defendant THL as the owner of the TRANSITIONS HEALTHCARE℠ service mark.  In fact, Plaintiff Sykesville is the owner of the TRANSITIONS HEALTHCARE℠ mark.    No transfer of ownership by license or assignment was effected by Plaintiff Sykesville and could not have been without the consent of Member Sherman.

67.     Any transfer of ownership or license of the TRANSITIONS HEALTHCARE℠ service mark, therefore, was unauthorized by Plaintiff and is therefore, fraudulent.

68.     Representations of the ownership of the TRANSITIONS HEALTHCARE℠ service mark by Defendant THL were false when made and were known to Individual Defendants and Defendant THL to be false when made because Individual Defendants Feldman, Murano, and Williams are members of Plaintiff and were and are well aware that Plaintiff and not Defendant THL is the owner of all right, title, and interest in and to the service mark. Further, the Individual Defendants and Defendant THL are well aware that without an

assignment or license by Plaintiff Sykesville (which could not have been effected without Member Sherman's consent), Defendant THL was not the owner of the TRANSITIONS HEALTHCARE℠ service mark.

69.       Said representations were made with the intention of depriving Plaintiff of its ownership rights in and use of the TRANSITIONS HEALTHCARE℠ service mark.

70.       Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of the Individual Defendants and Defendant THL's aforesaid wrongful acts, and is suffering monetary  damages in an amount not thus far determined.  By reason of the foregoing facts, Plaintiff is believed to have been damaged in excess of the sum of $10,000,000.00.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

71.       Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 70 as if fully set forth herein.

72.       This Count is for common law unfair competition and, more particularly, for palming off.  Jurisdiction is conferred on this Court by 28 U.S.C. §1338(b) in that this is a Count for unfair competition which is joined to a substantially related claim arising out of service mark laws of the United States as set forth in Count I.

73.       Defendants substantial imitation and copying of Plaintiff's service mark is, upon information and belief, willful and intended to palm off their services as those of Plaintiff.

74.       Defendants, without the consent of Plaintiff, have used TRANSITIONS HEALTHCARE℠, which is identical to Plaintiff's service mark, have used the same in the offering of services and provision of services for nursing and rehabilitation facilities, the services

-13-

which are identical to those offered and provided by Plaintiff and as such is likely to cause dilution, confusion, mistakes, and/or deceive as to the source or origin of such services.

## COUNT V
## COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

75.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

76.      This Count is for common law service mark infringement and unfair competition. Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(b) in that this is a Count for unfair competition which is joined to a substantially related claim arising under the service mark laws of the United States, as set forth in Count I.

77.      The quality of Plaintiff's Nursing/Rehab Facilities services using the TRANSITIONS HEALTHCARE℠ service mark are carefully controlled by Plaintiff so as to provide the consuming public with nursing and rehabilitation services of the highest quality.

78.      Defendants' use of the service mark TRANSITIONS HEALTHCARE℠ is an infringement and trades upon the proprietary rights of Plaintiff Sykesville in its service mark. Thus, the use by Defendants will and does tend to diminish and devalue the worth of the TRANSITIONS HEALTHCARE℠ service mark belonging to Plaintiff.

79.      Plaintiff Sykesville has no control and is not able to exercise any control over the quality of the services offered by Defendants under TRANSITIONS HEALTHCARE℠ and any inferior services of Defendants will tarnish the service mark and reputation of Plaintiff Sykesville in connection with its  business.

80.      The identical use of the service mark TRANSITIONS HEALTHCARE℠ by Defendants will tend to dilute the distinctive quality of the service mark TRANSITIONS

HEALTHCARE℠ belonging to Plaintiff and the appearance of this identical mark will cause, unless enjoined by this Court, the public to no longer associate the service mark TRANSITIONS HEALTHCARE℠ with Plaintiff.

81.     Plaintiff has no remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts and is suffering monetary damages in an amount not thus far determined. The aforesaid acts of the Defendants may cause Plaintiff damages in excess of $10,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MM Sykesville, LLC demands judgment jointly and severally against Defendants: Transitions Healthcare Management, LLC; Transitions Healthcare Capitol City, LLC; Transitions Healthcare Elkton, LLC, Transitions Healthcare, LLC; Marc Feldman, Matthew Maurano, and Kevin Williams, each of said Defendants being jointly and severally liable hereunder that:

1.     Defendants and their officers, agents, employees, and attorneys and all persons, acting for, with, by, through or under them, be temporarily and permanently enjoined from:

(a)     offering and providing services under the service mark TRANSITIONS HEALTHCARE℠ whether alone or in combination with any design or any mark confusingly similar to Plaintiff's service mark TRANSITIONS HEALTHCARE℠; and

(b)     from passing off, inducing, or enabling others to pass off any service as and for any of Plaintiff's services; and

(c)     from committing any acts calculated to cause consumers to believe that Defendants' services are sold under the control or supervision of Plaintiff or

sponsored or approved by, connected with, guaranteed by, or under the control and supervision of Plaintiff; and

(d)      from further diluting and infringing Plaintiff's service mark and otherwise damaging Plaintiff's reputation and its goodwill represented by its service mark; and

(e)      from otherwise competing unfairly with Plaintiff in any manner.

2.      Defendants be required to account and pay over to Plaintiff all gains, profits, and advantages derived from their use of the service mark TRANSITIONS HEALTHCARE℠.

3.      Defendants be required to pay to Plaintiff, in addition, the damages Plaintiff has sustained by reason of said infringements.

4.      Defendants be compelled to provide an accounting to Plaintiff for all the profits derived by Defendants and for damages sustained by Plaintiff by reason of the wrongful acts complained of herein.

5.      Defendant Transitions Healthcare, LLC, to be required to expressly abandon its application for service mark registration for the TRANSITIONS HEALTHCARE℠ made before the United States Patent and Service mark Office and any and all corresponding applications for registration throughout the United States and the rest of the world.

6.      The Court to enter judgment for Plaintiff and said judgment, because of the fraud and willful nature of the service mark infringement by Defendants after notice, be trebled and include, as well, reasonable attorney's fees.

7.      Defendants be ordered to deliver up for destruction all materials in their possession or under their control bearing the service mark TRANSITIONS HEALTHCARE℠ as applied to Defendant Cap City and Defendant Cap Management.

8.      Defendants be enjoined to promptly cause the Secretary of the State of Maryland to strike from the corporate register the business name Transitions Health Management, LLC.

9.      Defendants be enjoined to promptly cause the Secretary of the District of Columbia to strike from the corporate register the business name Transitions Healthcare Capitol City, LLC.

10.     The court to award exemplary damages for the wrongful conduct herein in the amount of five hundred thousand dollars ($500,000.00).

With interest as appropriate, reasonable attorneys' fees, and costs and disbursements of this action.

September 7, 2016

SEQUEL TECHNOLOGY & IP LAW PLLC
  /s/ Melise Blakeslee
Melise Blakeslee (437995)
Sequel Technology & IP Law PLLC
1000 Potomac Street, NW, Suite 150-A
Washington, DC 20007
202-470-4815 ext. 301
melise@sequeltechlaw.com

FURGANG & ADWAR, L.L.P.
Stephanie Furgang Adwar  SA 1711
Philip Furgang PF 5654
Armando Llorens AL 1757
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
212-725-1818

-17-