IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MM SYKESVILLE, LLC,

 Plaintiff,

v.              Civil Action No.: RDB-16-4103

TRANSITIONS HEALTCARE
CAPITOL CITY, LLC, et al.,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Terri Sherman, a member of Plaintiff MM Sykesville, LLC ("plaintiff" or "MMS"), has filed this derivative action on behalf of MMS against corporate defendants Transitions Healthcare Management, LLC ("Transitions Management"), Transitions Healthcare Capitol City, LLC ("Capitol City"), Transitions Healthcare Elkton, LLC ("Elkton"), Transitions Healthcare, LLC ("THL") (collectively, the "LLC Defendants") and individual defendants Marc Feldman ("Feldman"), Matthew Maurano ("Maurano"), and Kevin Williams ("Williams") (collectively, the "Individual Defendants") alleging federal trademark infringement in violation of 15 U.S.C. § 1114(a), common law service mark infringement, unfair competition, and fraud. (Complaint, ECF No. 1.) Plaintiff alleges, inter alia, that the Individual Defendants—managers of MMS—and defendant THL have wrongfully utilized and fraudulently transferred MMS's "Transitions Healthcare$^{SM}$" service mark (the "Service Mark"). (*Id.* at ¶ 15.)

1

This case was originally filed in the United States District Court for the District of Columbia on September 8, 2016. (ECF No. 1.) The Individual Defendants and Elkton timely filed a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim ("Defendants' Motion") on November 7, 2016.[1] (ECF No. 6.) While the Motion was pending, the parties filed a Joint Motion for Change of Venue, requesting that the entire case be transferred to the District of Maryland.[2] (ECF No. 9.) By Order dated December 22, 2016, Judge Christopher R. Cooper of the United States District Court for the District of Columbia granted the parties' Joint Motion for Change of Venue, and the case was subsequently transferred to this Court on December 27, 2016. (ECF Nos. 11, 12.)

Following transfer to this Court, the parties submitted further briefing on the still-pending Motion to Dismiss for Failure to State a Claim filed by the Individual Defendants. (ECF No. 6.) That matter is now fully ripe for this Court's adjudication. (ECF Nos. 14, 20.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Individual Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 6) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to individual defendants Feldman, Maurano, and Williams' alleged liability under Counts I (statutory infringement), IV (unfair competition), and V (common law infringement). The Motion is DENIED as to Counts II and III, which allege fraud on the part of the individual defendants.

---

[1] The other corporate defendants filed an Answer to the Complaint (ECF No. 7), but indicated their consent to the relief requested in the movants' Motion to Dismiss. (ECF No. 6 at 1, n. 1.)

[2] By the Joint Motion, the objection to personal jurisdiction raised in the Motion to Dismiss was withdrawn. (ECF No. 9 at 1.)

**BACKGROUND**

Derivative plaintiff Terri Sherman and the Individual Defendants—Marc Feldman, Matthew Maurano, and Kevin Williams—are business associates who, through a series of limited liability companies, own and operate a nursing and rehabilitation facility located in Sykesville, Maryland. (ECF No. 1 at ¶¶ 1, 17, 18, 21.) Plaintiff MM Sykesville, LLC ("MMS") is the LLC through which they operate the nursing home and rehabilitation facility in Sykesville.[3] (*Id.* at ¶¶ 17, 21.) Since 2007, MMS has used its "Transitions Healthcare$^{SM}$" service mark to identify its nursing, rehabilitation, and related services. (*Id.* at ¶ 18.) Sherman and the Individual Defendants also own and operate defendant Transitions Healthcare, LLC ("THL"), an LLC that has provided management services to several nursing and rehabilitation facilities since 2011.[4] (*Id.* at ¶¶ 22-24.)

Following a dispute among the business associates in 2014, the Individual Defendants have since established two, new nursing and rehabilitation companies, Transitions Healthcare Capitol City, LLC ("Capitol City") and Transitions Healthcare Elkton, LLC ("Elkton"), without Sherman's involvement. (ECF No. 1 at ¶¶ 29-31.) The Individual Defendants also established defendant Transitions Healthcare Management, LLC ("Transitions Management") to provide managerial and back office services to the Elkton and Capitol City facilities. (*Id.* at ¶¶ 31-32.)

---

[3] MMS's Operating Agreement allocates ownership among Terri Sherman and the Individual Defendants as follows:

| **Sherman:** 31% ownership | **Maurano:** 28% ownership |
|---|---|
| **Feldman:** 31% ownership | **Williams:** 10% ownership |

(ECF No. 1 at ¶ 21.) The Operating Agreement further provides that all "votes" must be approved by a seventy-five percent (75%) majority based on ownership. (*Id.*)

[4] Ownership of THL is divided among the four members equally. (ECF No. 1 at ¶ 22.)

The gravamen of plaintiff's Complaint is that Capitol City, Elkton, Transitions Management, and the Individual Defendants have used MMS's "Transitions Healthcare<sup>SM</sup>" service mark without its authorization and, further, that defendants have attempted to wrest control over the Service Mark from MMS through a fraudulent application to the United States Patent and Trademark Office. (*Id.* at ¶¶ 33-45.)

**STANDARDS OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.,* 770 F. Supp. 1053, 1074 (D. Md. 1991). A court "should hesitate to dismiss a complaint under Rule 9(b) if [it] is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

## DISCUSSION

The Individual Defendants have moved to dismiss MMS's claims against them on the basis that, under Maryland law, they are not personally liable for the acts of the limited

5

liability companies which they own and/or manage. (ECF No. 6-1 at 9.) They rely on Maryland's Limited Liability Company Act, Md. Code Ann., Corps. & Ass'ns § 4A-301, *et seq.*, which provides that, "[e]xcept as otherwise provided by this title, no member shall be personally liable for the obligations of the limited liability company, whether arising in contract, tort or otherwise, solely by reason of being a member of the limited liability company." Md. Code Ann., Corps. & Ass'ns § 4A-301. The Act further provides that "[a] member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company…" Md. Code Ann., Corps. & Ass'ns § 4A-302 (West).[5]

In opposition to the Individual Defendants' Motion, plaintiff asserts that the Complaint sufficiently alleges that the Individual Defendants were personally responsible for the wrongful acts taken by the LLC Defendants. (ECF No. 15 at 6.) Plaintiff relies on the decision of the Maryland Court of Appeals in *Allen v. Dackman*, 413 Md. 132, 991 A.2d 1216 (2010) and the decision of this Court in *Cavey v. Mach Trucking LLC*, GLR-16-1339, 2016 WL 5462791 (D. Md. Sept. 29, 2016). Both cases involve the doctrine of piercing the corporate veil, which, under Maryland law, may occur in three circumstances: "(1) when a member uses the LLC as a shield for the perpetration of fraud; (2) when a member uses the LLC to avoid legal obligations; and (3) when a member treats the LLC's property as his own." *Cavey v. Mach Trucking LLC*, GLR-16-1339, 2016 WL 5462791, at *4 (D. Md. Sept. 29, 2016) (citing *Serio v. Baystate Props., LLC*, 60 A.3d 475, 483 (Md. Ct. Spec. App. 2013)). *See also Fid. &*

---

[5] This section provides two exceptions to this rule, neither of which is applicable in the instant case.

*Guar. Life Ins. Co. v. United Advisory Grp., Inc.*, JFM-13-40, 2016 WL 632025, at *5-6 (D. Md. Feb. 17, 2016).

In this case, the Individual Defendants' allegedly wrongful acts are found in Counts II and III of the Complaint, both of which allege fraud. (ECF No. 1 at ¶¶ 56-70.) In both Fraud counts, plaintiff alleges that "the Individual Defendants, upon information and belief, caused Defendant THL to file the THL Application [to the United States Patent and Trademark Office]."[6] (*Id.* at ¶¶ 58, 65). Both counts further allege that the application, and the representations made therein, were "false when made and were known to Individual Defendants and Defendant THL to be false when made because Individual Defendants Feldman, M[au]rano, and Williams are members of Plaintiff and were and are well aware that Plaintiff and not Defendant THL is the owner of all right, title, and interest in and to the ["Transitions Healthcare$^{SM}$"] service mark." (*Id.* at ¶¶ 60, 68.) Insofar as the Individual Defendants are alleged to have used an LLC—in this instance, THL—to assert a claim of ownership or entitlement to the "Transitions Healthcare$^{SM}$" service mark when they knew that they had no right to do so, the Individual Defendants "used the LLC as a shield for the perpetration of fraud." *Cavey*, 2016 WL 5462791, at *4. In such circumstances, piercing of the corporate veil may be warranted, potentially subjecting the Individual Defendants to liability for the alleged fraud.[7]

---

[6] The "THL Application" to which plaintiff refers is the application to the United States Patent and Trademark Office, attached as Exhibit E to the Complaint. (ECF No. 1-14.)

[7] By specifically setting forth the members' respective ownership interests in MMS and THL, as well as the LLCs' own requirements for transfer of ownership of company assets, plaintiff has satisfied Rule 9(b)'s heightened pleading standard for fraud claims. *See* ECF No. 1 at ¶¶ 21-22. Based on these interests and the other acts alleged in the Complaint, the contours of the alleged fraudulent acts are readily perceived.

Accordingly, the Motion to Dismiss must be DENIED as to Counts II and III of the Complaint.[8]

**CONCLUSION**

For the reasons stated above, the Individual Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 6) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to individual defendants Feldman, Maurano, and Williams' alleged liability under Counts I (statutory infringement), IV (unfair competition), and V (common law infringement). The Motion is DENIED as to Counts II and III, which allege fraud on the part of the individual defendants.

A separate Order follows.

Dated: May 31, 2017                              _____/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge

---

[8] Because the acts alleged in Counts I, IV, and V of the Complaint were taken by the LLC Defendants only, the Individual Defendants are not liable therefor. Accordingly, the Motion to Dismiss is GRANTED as to these Counts.